IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:21-CT-3030-M

| | |
|---|---|
| CASEY RAFAEL TYLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MS. LEARY, SHAUN FRAISURE, and ) | |
| LATOYA ALBRIGHT, ) | |
| ) | |
| Defendants.[1] ) | |

Plaintiff, a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. This action is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[2] Plaintiff responded in opposition. For the reasons discussed below, the court grants defendants' motion.

STATEMENT OF THE CASE

On January 25, 2021, plaintiff filed the instant action alleging defendants violated his civil rights. Plaintiff contends he was not provided a sufficient amount of food during his Ramadan fast, in violation of the First and Fourteenth Amendment Rights to the United States Constitution and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). (Compl. (D.E. 1) at

---

[1] The court dismissed formerly-named defendant Todd Ishee on December 7, 2021.

[2] Although defendants' motion states it is brought pursuant to Federal Rule of Civil Procedure 12(b)(6), it is clear from their memorandum that they actually seek dismissal pursuant to Rule 12(b)(1). (See Def. Mot. to Dismiss (D.E. 21); Def. Mem. in Supp. (D.E. 22) at 5 (noting motions to dismiss pursuant to "three stikes rule" and failure to exhaust administrative remedies are jurisdictional matters)).

5-8; Suppl. Compl. (D.E. 10) 1–3).[3]

After conducting its initial review, the court allowed the action to proceed on December 7, 2021. On April 7, 2022, defendants filed the instant motion to dismiss supported by the following: 1.) declaration of counsel; 2.) nine grievances that completed step three in the prison administrative process; and 3.) a letter from the Inmate Grievance Resolution Board. On April 28, 2022, plaintiff responded in opposition.

## COURT'S DISCUSSION

A.  Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) tests subject-matter jurisdiction–a court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." Id. When considering a motion to dismiss for lack of subject-matter jurisdiction, the district court may consider evidence outside the pleadings without converting the motion into one for summary judgment, but it "should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

B.  Analysis

As noted above, defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before commencing this action.

---

[3]   Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system.

2

The Prison Litigation Reform Act ("PLRA") states, in relevant part, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007) ("[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Successful exhaustion of administrative remedies "means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." Woodford v. Ngo, 548 U.S. 81, 90 (2006) (citation, alteration, and internal quotation marks omitted).

Failure to exhaust available administrative remedies is an affirmative defense that defendants generally must plead and prove. See Jones, 549 U.S. at 216–17; Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017); Custis v. Davis, 851 F.3d 358, 361–63 (4th Cir. 2017). When an inmate files suit prior to exhausting his administrative remedies, courts typically dismiss the action without prejudice. See Ford v. Johnson, 362 F.3d 395, 398, 401 (7th Cir. 2004).

"Exhausting administrative remedies after a complaint is filed will not prevent a case from being dismissed for failure to exhaust administrative remedies." Kitchen v. Ickes, 116 F. Supp. 3d 613, 624 (D. Md. 2015) (citing Neal v. Goord, 267 F.3d 116, 121–22 (2d Cir. 2001), overruled in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2001)), aff'd, 644 F. App'x 243 (4th Cir. 2016); see also Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) ("The plain language of the statute [§ 1997e(a)] makes exhaustion a *precondition* to filing an action in federal court. The

3

prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit.").

In the instant case, plaintiff acknowledges that he did not exhaust his administrative remedies until after he filed the complaint. (Pl. Resp. (D.E. 25) at 1). Further, defendants make an undisputed showing that plaintiff failed to exhaust administrative remedies prior to filing his complaint. (Def's Ex 6 (D.E. 22-7) at 1–4). Plaintiff argues that "[d]ismissing [this action] for dismissal's sake (which is all it could be for at this point) 'would certainly not compart with the purpose of the PLRA to reduce the quantity of inmate suits," citing Jones v. Bock, 549 U.S. 199, 223 (2007). (Pl. Resp. (D.E. 25) at 3). It appears plaintiff contends Jones supports his argument that the court should not dismiss the instant action for failure to exhaust administrative remedies where it has already "delved" into the complaint. (Id.). Plaintiff misunderstands Jones. The court in Jones held that an inmate's compliance with PLRA exhaustion requirements on some claims, but not others, did not warrant dismissal of the entire action. 549 U.S. at 223–24. Instead, only the unexhausted claims should be dismissed. Id.

Accordingly, the court finds plaintiff failed to exhaust his administrative remedies prior to filing the instant action, and the PLRA bars this action. See 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84–85.

## CONCLUSION

For the reasons discussed above, defendants' motion to dismiss (D.E. 21) is GRANTED. Plaintiff's claims are dismissed without prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of March, 2022.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge